IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSE CARBAJAL-MARTINEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:03-CR-035-A |
| | § | (NO. 4:06-CV-325-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of petitioner, Jose Carbajal-Martinez, under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. Having reviewed the motion, the government's response, petitioner's reply to the government's response, the record, and applicable authorities, the court concludes that the motion should be denied.

I.

Background

On February 12, 2003, petitioner was charged in a one-count indictment with illegal reentry after deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On April 4, 2003, he pleaded guilty without a plea agreement. On July 11, 2003, this court sentenced him to a term of imprisonment of 180 months to be followed by a 3-year term of supervised release. On February 12, 2004, his conviction was affirmed by the Fifth Circuit. On January 24, 2005, the Supreme Court granted his petition for writ of certiorari, vacated the judgment, and remanded to the Fifth Circuit for further consideration in light of United States v.

Booker, 543 U.S. 220 (2005).  See Carbajal-Martinez v. United States, 543 U.S. 1116 (2005).  On remand, the Fifth Circuit again affirmed petitioner's conviction.  His second petition for writ of certiorari to the Supreme Court was subsequently denied.  The instant motion under 28 U.S.C. § 2255 ensued.

II.

Grounds of Motion

Petitioner asserts two grounds for relief.  First, he claims that the eight-level upward departure he received was unreasonable.  See Pet'r's Mem. at 10-13.  Second, he claims that he received ineffective assistance of his court-appointed counsel, Gina Joaquin, in several respects, namely: (1) her failure to make an Apprendi objection during sentencing; (2) her failure to object that the upward departure was not supported by the facts; (3) her failure to object to the court's purportedly not stating its specific reasons for imposing the upward departure; (4) her failure to secure a plea agreement; and (5) her alleged representation that he would receive a prison sentence of between 77 and 96 months.[1]  Id. at 8-10, 15.

III.

Standard of Review

After conviction and exhaustion, or waiver, of any right to

---

[1] In summarizing his complaints of ineffective assistance of counsel, the government listed (4) and (5) as grounds.  See Resp't's Resp. at 2.  Though petitioner alludes to his lawyer's failure to secure a plea agreement and alleged representation of a lesser sentence, see Pet'r's Mem. at 9 n.2 and 10 n.3, it does not appear to the court that petitioner urges these as distinct ineffective-assistance-of-counsel grounds.  Nonetheless, out of an abundance of caution, the court has considered them as such in its analysis below.

2

appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); Sunal v. Large, 332 U.S. 174, 178 (1947). Here, petitioner has not made any showing of cause.[2]

## IV.

## Analysis

A.  The Upward Departure

As correctly pointed out by the government, the Fifth Circuit found on direct appeal that the court's upward departure

---

[2]Although constitutionally ineffective assistance of counsel is "cause," McCleskey v. Zant, 499 U.S. 467, 494 (1991), as discussed infra, petitioner has failed to demonstrate that he received such ineffective assistance.

3

in this case was reasonable. That finding precludes habeas review. See, e.g., United States v. McCollom, 664 F.2d 56, 59 (5th Cir. 1981) (Section 2255 is not a vehicle for bringing a second direct appeal); Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (the "appellate process does not permit reruns"). Petitioner's first ground for relief is therefore without merit.

B.   Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel ground, petitioner must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. To establish the first prong, petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. It is not enough to show that some, or even most, defense lawyers would have handled the case differently. Green v. Lynaugh, 868 F.2d 176, 178 (5th Cir. 1989). For the second prong, petitioner must show that his counsel's errors were so serious as to deprive him of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687. If the petitioner cannot show that the ineffectiveness of counsel deprived him of a substantive or procedural right to which the law entitles him, he must show that

4

the result of the proceeding was fundamentally unfair or unreliable. <u>Williams v. Taylor</u>, 529 U.S. 362, 392-93 (2000).

    1.   <u>Failure to Make an *Apprendi* Objection</u>

Petitioner claims that his counsel should have objected to his upward departure under <u>Apprendi</u>. <u>See</u> Pet'r's Mem. at 9-10. In <u>Apprendi</u>, the Supreme Court held that any fact that increases the penalty for a crime, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. <u>See</u> <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). As correctly pointed put by the government, however, at the time of petitioner's sentencing, relief under <u>Apprendi</u> would only have been available had his sentence exceeded the statutory maximum. <u>See</u> <u>United States v. Keith</u>, 230 F.3d 784, 787 (5th Cir. 2000). His sentence did not. Any <u>Apprendi</u> objection at the time of his sentencing would therefore have been frivolous. And a lawyer is not ineffective for failing to make a futile objection. <u>See</u> <u>Koch v. Puckett</u>, 907 F.2d 524, 527 (5th Cir. 1990).

    2.   <u>Failure to Object that the Upward Departure Was Unsupported by Facts</u>

Petitioner's complaint that his counsel should have objected on the basis that the upward departure he received was not supported by the facts is equally without merit. <u>See</u> Pet'r's Mem. at 9-10. As reflected by the record in this case, the upward departure this court imposed on defendant was supported by the facts. Consequently, any objection on this basis would have been futile, and counsel's failure to make it was thus not

5

ineffective lawyering.  See Koch, 907 F.2d at 527.

    3.    <u>Failure to Object to the Court's Not Stating Its Reasons for the Upward Departure</u>

Petitioner also asserts that his lawyer should have objected to this court's failure to state its reasons for the upward departure.  See Pet'r's Mem. at 10.  Again, however, the court did state its reasons.  Counsel was not constitutionally required to make an invalid objection.  See Koch, 907 F.2d at 527.  Thus, this claim too is without merit.

    4.    <u>Failure to Secure a Plea Agreement</u>

Although petitioner complains about his counsel's failure to secure a plea agreement, he makes no effort whatsoever to show that he was prejudiced by such failure.  See Pet'r's Mem. at 9 n.2.  Consequently, any failure to get a plea agreement does not constitute ineffective assistance of counsel.  See Strickland, 466 U.S. at 687 (To prove ineffective assistance of counsel, petitioner must show that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different).

    5.    <u>Counsel's Purported Assurance of a Lesser Sentence</u>

Finally, to the extent that petitioner urges that his lawyer erroneously represented to him that he would receive a prison sentence of between 77 and 96 months, this assertion is totally conclusory.  See Pet'r's Mem. at 10 n.3.  As a result, it fails to state a claim of ineffective assistance of counsel.  See Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000) ("This Court has made clear that conclusory allegations of ineffective

6

assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

Further, the court concurs with the government that any representation by counsel of a shorter sentence would only bear on whether petitioner's guilty plea was knowing and voluntary, and petitioner expressly told the court that it was. Specifically, at rearraignment, petitioner represented to the court that no one had made any promises to him in order to persuade him to plead guilty. See Tr. of Rearraignment Hr'g at 28, ll. 18-21. He also said that he understood that the court may depart from the sentencing guidelines and impose a more severe sentence. Id. at 16, ll. 16-18; 17, ll. 6-9; and 20, ll. 9-12. Finally, petitioner testified that he understood that, by pleading guilty, he was subjecting himself to a possible term of imprisonment of 20 years. Id. at 29, ll. 6-22. Because the court remains satisfied that petitioner's guilty plea was knowing and voluntary, it rejects any claim that it resulted from ineffective counsel.

V.

Order

For the reasons discussed herein,

The court ORDERS that petitioner's motion to vacate, set aside or correct sentence be, and is hereby, denied.

SIGNED August 11, 2006.

    /s/ John McBryde
JOHN McBRYDE
United States District Judge